IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HILDA R. VANGORP                                                       PLAINTIFF

V.                Civil No. 2:23-cv-02003-PKH-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Hilda Vangorp, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.      Procedural Background

Plaintiff protectively filed her applications for DIB and SSI on May 15, 2019, alleging an onset date ("AOD") of January 4, 2019, due to seizures, migraine headaches, bipolar disorder, depression, anxiety, and PTSD. (ECF No. 6, pp. 91-92, 105, 286-295, 327, 404, 406, 410, 412). The Commissioner denied her applications initially and on reconsideration, and an administrative

hearing was held on November 4, 2021.[1]  (*Id*. at 66-88).  Plaintiff appeared pro se for all hearings, despite being advised on her right to be represented by counsel.  (*Id*. at 51-54, 60-61, 70-71, 223-224, 248-249, 267-268).

On her alleged onset date, Plaintiff was 37 years old and possessed a General Equivalency Diploma.  (ECF No. 6, p. 35).  Although she had previously worked, it did not qualify as past relevant work ("PRW") experience.  (*Id*. at 34, 328).

In an unfavorable decision dated November 24, 2021, Administrative Law Judge ("ALJ") Bradley Davis concluded that the Plaintiff's seizure disorder, migraines, anemia, depressive bipolar disorder, anxiety disorder, post-traumatic stress disorder ("PTSD"), and substance abuse disorder were severe but did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (ECF No. 6, p. 28).  Despite Plaintiff's impairments, ALJ Davis determined Plaintiff retained the residual functional capacity ("RFC") to perform light work with occasional stooping, kneeling, crouching, and crawling; no exposure to heights or dangerous moving mechanical parts; and no driving or operating heavy industrial equipment.  (*Id*. at 31).  He further limited the Plaintiff to work where the interpersonal contact is superficial, the instructions are simple, the judgment required is simple, and change is only required occasionally.  Based on the vocational expert's ("VE") testimony, ALJ Davis determined that Plaintiff could perform work as a housekeeper cleaner, merchandise marker, and mail clerk.  (*Id*. at 35-36).

On December 6, 2022, the Appeals Council denied Plaintiff's request for review (ECF No. 6, pp. 6-11), and she subsequently filed her Complaint to initiate this action.  (ECF No. 2).  Both

---

[1] Plaintiff had prior hearings scheduled for May 28, 2020, and July 15, 2021.  The 2020 hearing was postponed so the Plaintiff could obtain counsel.  (ECF No. 6, pp. 48-54).  After realizing there were numerous outstanding medical records, she also continued the July 2021 hearing.  (*Id*. at 55-65).

parties have filed appeal briefs (ECF Nos. 8, 10), and the matter is ripe for resolution. The case has been referred to the undersigned for Report and Recommendation.

## II. Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder will only consider Plaintiff's age, education, and work experience in the light of her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises three issues on appeal: (1) whether the ALJ fully and fairly developed the record regarding her seizure disorder, migraines, and anemia; (2) whether the ALJ properly assessed her subjective complaints, especially concerning her seizure disorder and medication side effects; and (3) whether the ALJ's RFC determination is supported by substantial evidence as it does not include environmental restrictions related to her migraines and fails to properly consider her bipolar disorder. Of particular concern to the undersigned is the absence of any physical RFC assessments in the record. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. Although the Plaintiff bears the burden of proving her RFC, the ALJ also has a duty to develop the record fully and fairly. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). That duty is heightened in cases, like the present, where the Plaintiff is not represented by counsel at the administrative hearing. *Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994).

Further, although the RFC is a decision reserved to the agency, the United States Court of Appeals for the Eighth Circuit has held that a claimant's RFC presents a medical question. *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, it must be supported by some medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012). And an ALJ may not substitute his opinion for that of a physician. *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir. 2008); *see also Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009) (noting that ALJs may not "play doctor"). He must also fully account for all the Plaintiff's impairments. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

In the present case, the record is devoid of evidence that addresses the Plaintiff's physical ability to function in the workplace. Despite the absence of even an agency physician's opinion, the ALJ found Plaintiff's seizure disorder, migraines, and anemia to be severe. (ECF No. 6, pp. 95-98, 108-112). He also concluded she could perform light work with occasional stooping, kneeling, crouching, and crawling; no exposure to heights or dangerous moving mechanical parts; and no driving or operating heavy industrial equipment. There was, however, no mention of her migraine headaches or any migraine related limitations in basic work activities. *Franklin v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4950299, at *2 (E.D. Ark. Oct. 25, 2021), report and recommendation adopted, 2022 WL 823579 (E.D. Ark. Mar. 17, 2022) (holding ALJ cannot find that Plaintiff's impairment significantly limits her ability to perform basic work activities and then disregard the impairment in the RFC). As such, we find that remand is necessary to allow the ALJ to obtain a physical RFC assessment and to reconsider the Plaintiff's RFC, including the limitations imposed by her migraine headaches. *See Grier v. Kijakazi*, 2023 WL 1965908, at * 2 (E.D. Ark. February 13, 2023), report and recommendation adopted, 2023 WL 2376114 (E.D. Ark.

Mar. 6, 2023) (holding remand necessary where ALJ found migraine headaches to be severe but failed to include migraine restrictions in the RFC, to include the need to avoid loud noise, bright or flashing lights, industrial fumes, or extreme temperature changes). This can be accomplished by either ordering a consultative physical exam or sending an RFC assessment questionnaire to the Plaintiff's treating physicians.

## IV. Conclusion

Based on the foregoing, it is recommended that the Commissioner's decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of December 2023.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE